MARTIN A. ELIOPULOS (Bar No. 149299)
elio@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

[Proposed] Attorneys for Debtors and
Debtors-in-Possession
BARBARA NILSON and
HENRY NILSON

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BARBARA L. NILSON and<br>HENRY A. NILSON,<br><br>　　　　Debtors and Debtors-in-Possession.<br><br>BARBARA L. NILSON and<br>HENRY A. NILSON,<br><br>　　　　Movants,<br>v.<br><br>RYAN ROTHFLEISCH, AND TIFFANY CARROLL, ASSISTANT UNITED STATES TRUSTEE,<br><br>　　　　Respondents. | Case No. 23-03619-CL11<br><br>Chapter 11<br><br>RS No.: MAE-001<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY – ACTION IN NONBANKRUPTCY FORUM**<br>**[APPEAL CASE NO.: D081715]**<br><br>**HEARING:**<br>Date:　　TBD<br>Time:　　TBD<br>Dept.:　　5, Rm 318<br>Judge:　　Hon. Christopher B. Latham |

## I.

## RELIEF REQUESTED

Pursuant to Bankruptcy Code section 362(d)(1), Movants and Debtors-in-Possession, HENRY and BARBARA NILSON ("Movants" or "Debtors") in the above-captioned matter move this Court for an Order granting relief from the automatic stay for "cause" so that Debtors may continue with an appeal in a nonbankruptcy forum where Debtors are the appellants (the "Motion").

This Motion is based upon the Notice of Motion filed concurrently herewith, this Motion, the Declarations of Debtors and Attorney John M. Morris filed in support hereof, the papers and pleadings on filed in Debtors' Chapter 11 case and on such other oral and documentary evidence as may be submitted before the Court.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## CASE BACKGROUND

**A.    The Adverse Judgment Against Debtors.**

Debtors recently suffered an adverse judgment in that certain Probate Court matter styled as *In the Matter of The Charles and Louise Nilson Family Trust*, filed in the Superior Court for the State of California in and for the County of Imperial, Case No. EPR03973 (the "Probate Case").

The matters at issue in the Probate Case were tried in two separate phases.

### 1.    The Phase 1 Statement of Decision.

Phase One. In a ruling entered on November 7, 2022, and identified as "Phase One Statement of Decision", the Probate Court, at the request of Petitioner, Joseph Ryan Rothfleisch ("Ryan"), invalidated a Sixth Amendment to the Charles and Louise Nilson Family Trust Dated October 1, 2019 (the "Nilson Family Trust"), and also invalidated a hand written will.

Of significance, in the Phase One Statement of Decision, the Probate Court, *sua sponte*, also found a conspiracy to commit financial elder abuse against Louise Nilson identifying seven conspiracy members as Dan Nilson, his wife Donna Nilson, Henry Nilson, his wife Barbara Nilson, Louise's niece from Jacksboro Texas Karen Schroeder, and attorneys Philip Krum and John Nelson.

The Phase One Ruling has been appealed.

### 2. The Phase 2 Statement of Decision.

Phase Two. In a Decision entered June 22, 2023, and identified as "Statement of Decision Phase Two: Elder Abuse", the Probate Court entered a **$3,516,229** judgment against Barbara and Henry (the only co-conspirators at trial) as follows:

   i.    **$1,166,639** in compensatory damages to be paid one-half ($583,319.50) to the Trustee of Trust A created under the Charles and Louise Nilson Family Trust Dated October 1, 2019 (the "Nilson Family Trust") and one-half ($583,319.50) to be paid to Trustee of Trust B (also created under the Nilson Family Trust).

   ii.   **$669,000** in compensatory damages to be paid to the Estate of Louise Nilson.

   iii.  **$400,000** in punitive damages (Barbara to pay $200,000 and Henry to pay $200,000) to be paid one-third ($133,332) to the Trustee of Trust A, one-third ($133,332) to the Trustee of Trust B and one-third ($133,332) to Ryan.

   iv.   **$1,280,590** in attorney's fees and costs to be paid to Ryan.

The Phase Two ruling has been appealed.

### B. The Equitable Indemnity Action Filed By Debtors.

Shortly after the Court issued its statement of decision following Phase One trial, but before the Phase Two Elder Abuse trial, Henry and Barbara filed a petition for equitable indemnity and declaratory relief in the Probate Case against Dan Nilson, Donna Nilson, Karen Schroeder, Phil Krum, John Nelson, and the Lewis Brisbois law firm (the "Indemnity Action").

The goal of the Indemnity Action is to establish liability for the adverse financial elder abuse judgment against the other co-conspirators identified by the Probate Court so that Debtors only pay their fair portion of the judgment either by funding their Chapter 11 plan of reorganization with contributions from the other co-

conspirators or by reimbursement after confirmation of their Chapter 11 plan.

The Indemnity Action is pending.

### C. Ryan starts enforcement proceedings against Henry and Barbara.

On November 16, 2023, Ryan initiated judgment enforcement proceedings against Debtors by levying on Debtors bank accounts located at Mechanics Bank in Contra Costa County. The bank levy froze $198,304.16 which is substantially all of Debtors' cash assets. See Notice of Advice of Charge attached to the declarations of Debtors as Exhibit A.

### D. Debtors file for Chapter 11 Bankruptcy.

On November 18, 2023 ("Petition Date"), Debtors filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Case").

### E. The Need for a Chapter 11 Reorganization.

As direct result of the conspiracy to commit elder abuse finding/ruling in the Phase One Trial (subject to a Notice of Appeal), the $3.5M judgment solely against Debtors in the Phase Two Trial (subject to a Notice of a Appeal and a Motion to Consolidate with the Appeal of the Phase One finding/ruling), the pending equitable indemnity and contribution claims filed by Debtors against the other co-conspirators in the Probate Action and Ryan's judgment enforcement proceedings, Debtors' filed their voluntary Chapter 11 case so as to avoid a dismantling of their Chapter 11 Estate while appealing the adverse rulings and that the same time establishing the liability of the other co-conspirators as a source of funding a plan of reorganization and/or reimbursement post-confirmation.

## IV.
## THE NONBANKRUPTCY ACTION

### A. Appeal No. D081715

The specific nonbankruptcy action for which Movants seek relief from stay is identified in the Summary of Litigation Chart attached hereto as **Exhibit A** and is identified as:

| CASE TITLE CASE NO.: | NATURE OF CASE | COURT/ AGENCY | STATUS OF CASE | UPCOMING DEADLINES/ HEARINGS |
|---|---|---|---|---|
| Nilson v. Rothfleisch APPEAL NO. D081715 | Appeal of Phase 1 Statement of Decision | 4th Appellate District Division 1 | Filed 9/28/2023. This appeal is pending. The record has been completed, but there is also pending in the Ninth Circuit a motion to *consolidate* this appeal with the "second" appeal (on the elder abuse issues). | Pending Motion to Consolidate filed 11/17/2023 |

**B.     The Parties.**

In the above-described nonbankruptcy action, the parties are identified in the Summary of Litigation; Relief from Stay "Cause" Chart attached hereto as **Exhibit B**.

V.

**GROUNDS FOR RELIEF FROM STAY**

Debtors' filed their voluntary Chapter 11 case so as to avoid a dismantling of their Chapter 11 Estate while appealing the adverse rulings and that the same time establishing the liability of the other co-conspirators as a source of funding a plan of reorganization and/or reimbursement post-confirmation.

As a result, in order for Debtors to successfully reorganize in Chapter 11, it is of vital importance for Debtors to continue with the Appeal of the Phase 1 Statement of Decision because the appeal will determine whether Ryan established at trial, by clear and convincing evidence, that Henry and Barbara used undue influence to coerce Louise to sign the Sixth Amendment to the Trust. *See* **Exhibit B**.

/ / /

1 | Moreover, success on the appeal would mean that Ryan failed to prove, by clear and convincing evidence, that Henry and Barbara used undue influence to coerce Louise to sign the Sixth Amendment to the Trust which would invalidate the finding of financial elder abuse and necessarily require vacating the judgment arising out of the Phase Two Statement of Decision.

Finally, in the Ninth Circuit, "all appeals in proceedings that were originally brought against the debtor are stayed, *without regard to whether the debtor is the appellant or appellee*." *In re Paxton*, 596 B.R. 686, 695 (Bankr. N.D. Cal. 2019) (emphasis added; also citing *Parker v. Bain*, 68 F.3d 1131, 1135-36 (9th Cir. 1995) and *Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc*., 817 F.2d 1424, 1426 (9th Cir. 1987).

Accordingly, sufficient "cause" exists under Bankruptcy Code section 362(d)(1) to grant Movants relief from the automatic stay so they can proceed with the Appeal. *See In re Plumberex Specialty Products, Inc.*, 311 BR 551, 558-559 (Bankr. C.D. Cal. 2004); *Kronemyer v. Am. Contractors Indem. Co.* (*In re Kronemyer*), 405 B.R. 915, 921 (9th Cir. BAP 2009).

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Debtors pray for the following relief from the Bankruptcy Court:

1. Relief from the Automatic Stay for "cause" pursuant to 11 U.S.C. § 362(d)(1);

2. Debtors may continue, under applicable nonbankruptcy law, to pursue the pending appeal of the Phase 1 Statement of Decision in the above-described nonbankruptcy forum without further order of the Bankruptcy Court;

3. The 14-day stay prescribed by Fed. R. Bank. P., Rule 4001(a)(3), is waived; and

///

1  4. For such other and further relief as the Bankruptcy Court deems just and
2  proper.

DATED: January 3, 2024

**HIGGS, FLETCHER & MACK LLP**

By: /s/ *Martin A. Eliopulos*
MARTIN A. ELIOPULOS, ESQ.
[Proposed] Attorneys for
Debtors and Debtors-in-Possession,
BARBARA NILSON and
HENRY NILSON

# EXHIBIT "A"

<u>In re Henry and Barbara Nilson</u>
Chapter 11 Case No.: 23-03619-CL11
*Summary of Litigation*

| CASE TITLE CASE NO.: | NATURE OF CASE | COURT/AGENCY | STATUS OF CASE | UPCOMING DEADLINES/HEARINGS |
|---|---|---|---|---|
| In the Matter of: The Charles and Louise Nilson Family Trust EPR03973 | Probate; Indemnity Claim | Superior Court, California, Imperial County 939 West Main Street El Centro, CA 92243 | Shortly after the Court issued its statement of decision following Phase 1 trial, but before the Phase 2 Elder Abuse trial, Henry and Barbara filed a petition for indemnity and declaratory relief against Dan Nilson, Donna Nilson, Karen Schroeder, Phil Krum, John Nelson, and the Lewis Broisbois law firm. This case is pending, although Phil Krum's demurrer was sustained with leave to amend, and he was dismissed without prejudice. | Written discovery due to Karen Schroeder – due date 12/12/23 (possible extension).<br><br>Case management conference – 2/27/24 |
| In the Matter of: The Charles and Louise Nilson Family Trust EPR03973 | Judgment Enforcement | Superior Court, California, Imperial County 939 West Main Street El Centro, CA 92243 | Joseph Ryan Rothfleisch began enforcing the financial elder abuse judgment by filing an Abstract of Judgment in the Imperial Conty Recorder's Office on 11/9/2023 and by levying on the Nilson's bank accounts at Mechanics Bank on 11/16/2023 through a Writ of Execution issued on 10/24/2023. | The Nilsons have made demand for turnover of the $198,304.16 that was subject to the bank levy pursuant to Bankruptcy Code section 542(a). |
| Nilson v. Rothfleisch APPEAL NO. D081715 | Appeal of Phase 1 Statement of Decision | 4th Appellate District Division 1 | Filed 9/28/2023. This appeal is pending.<br><br>The record has been completed, but there is also pending in the Ninth Circuit a motion to *consolidate* this appeal with the "second" appeal (on the elder abuse issues). | Pending Motion to Consolidate filed 11/17/2023 |

12010855.1

| CASE TITLE CASE NO.: | NATURE OF CASE | COURT/AGENCY | STATUS OF CASE | UPCOMING DEADLINES/HEARINGS |
|---|---|---|---|---|
| Nilson V. Rothfleisch APPEAL NO.: D082812 | Appeal of Phase 2 Statement of Decision | 4th Appellate District Division 1 | Filed 11/17/2023 This appeal is pending. The record has not yet been certified so no brief is yet due. | Pending Motion to Consolidate filed 11/17/2023 |
| In re Estate of Louise Nilson P1300PB202100419 | Probate proceeding to probate the will of Louise Nilson. | Superior Court, Arizona, Yavapai County 120 South Cortez Street Prescott, AZ 86303 | After Louise Nilson died, Henry Nilson had Dan Nilson provided her will to an Arizona probate attorney. That attorney filed to open a probate proceeding. Joseph Ryan Rothfleisch challenged the validity of the will validity. This case was put on hold while the California litigation worked its way through. This case was recently dismissed by stipulation of the parties. | None.  Case dismissed. |
| In re Dan Andrew Nilson and Donna Mae Nilson 3:21-bk-05468-MCW | Bankruptcy; Chapter 11 Motion for Sanctions for Violation of Automatic Stay and/or Chapter 11 Plan Injunction | U.S. Bankruptcy Court, District of Arizona 230 North 1st Ave., Suite 101 Phoenix, AZ 85003 | After Henry and Barbara Nilson filed indemnity claims against certain co-conspirators including Chapter 11 Debtors, Dan and Donna Nilson, Dan and Donna Nilson filed a motion for sanctions that Henry and Barbara Nilson opposed. | The matter has been briefed and argued and is awaiting a written decision by the Arizona bankruptcy court. |

12010855.1

| CASE TITLE CASE NO.: | NATURE OF CASE | COURT/AGENCY | STATUS OF CASE | UPCOMING DEADLINES/HEARINGS |
|---|---|---|---|---|
| Henry Nilson and Barbara Nilson v. Philip Krum ECU003177 | California Civil Code section 1714.10 Petition against Attorney Phil Krum. | Superior Court, California, Imperial County 939 West Main Street El Centro, CA 92243 | After the California Probate Court in El Centro, California sustained Attorney Phil Krum's demurrer with leave to amend on the grounds that Henry and Barbara Nilson failed to comply with Civil Code section 1714.10, Henry and Barbara Nilson filed a petition against Attorney Phil Krum, which is pending in Imperial County Superior Court. | Per Phil Krum's attorney, he will be filing a demurrer by December 8 with a hearing on the demurrer set January 12. Case management conference is set for April 15, 2024 at 8:30 a.m. |
| Henry and Barbara Nilson v. Philip Krum ECU003211 | Legal malpractice and breach of fiduciary duty | Superior Court, California, Imperial County 939 West Main Street El Centro, CA 92243 | Henry and Barbara Nilson have recently filed a stand-alone complaint for legal malpractice and breach of fiduciary duty against Attorney Philip Krum in Imperial County Superior Court. | Phil Krum has not been served. Case management conference set for May 6, 2024 at 8:30 a.m. |

12010855.1

# EXHIBIT "B"

**Chapter 11 Case No.: 23-03619-CL11**
*Summary of Litigation; Relief from Stay "Cause" Chart*

12038862.2

| CASE TITLE CASE NO.: | THE NILSONS ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | THE OTHER PARTIES ARE LISTED AS FOLLOWS [IDENTIFY PARTIES] AND ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE THE ACTION WILL DETERMINE: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE SUCCESS IN THE ACTION WOULD MEAN: |
|---|---|---|---|---|
| In the Matter of: The Charles and Louise Nilson Family Trust EPR03973 Probate; Indemnity Claim Bankruptcy Code section 362 prohibits (1) commencing or continuing actions against the debtor that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim against the debtor; and (2) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3) (emphasis added). However, suits commenced by the debtor are not subject to the automatic bankruptcy stay provided for in Bankruptcy Code section 362(a). In re Merrick, 175 B.R. 333, 337-338 (9th Cir. 1994). "The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. [Citation] (emphasis added). This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." | Respondents as to Rothfleisch trust contest and elder abuse Petition (which has been reduced to judgment) Petitioners as to indemnity claims (which is active). | Ryan Rothfleisch – Petitioner as to trust contest and elder abuse claims (reduced to judgment) Respondents as to indemnity claims: Lewis Brisbois Bisgaard & Smith, LLP; John Nelson, Esq.; Karen Schroeder; Dan Nilson (subject to AZ Bankruptcy Court ruling); Donna Nilson (subject to AZ Bankruptcy Court ruling); Phillip Krum, Esq. (dismissed without prejudice; subject to Civil Code section 1714.10 petition) | The extent to which assets will paid into/reimbursed to Henry and Barbara's Chapter 11 bankruptcy estate from the indemnity respondents. **NOTE: RELIEF FROM STAY NOT REQUIRED** because: The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. . In re Palmdale Hills Property, LLC (9th Cir. 2011) 654 F.3d 868, 875; and Gordon v. Whitmore (In re Merrick), 175 B.R. 333, 337-38 (9th Cir. BAP 1994). However, cross-claims against the Debtors or that in any way affect property of Debtors' Chapter 11 estate remain stayed. See Bankruptcy Code § 362(a)(1), (3). | Success in the action would mean the respondents would be required to indemnify Henry and Barbaras, providing a greater pool of assets to pay their creditors and thus reducing the total amount of damages to be paid by Henry and Barbara through their Chapter 11 plan of reorganization. |

12038862.2

| CASE TITLE CASE NO.: | THE NILSONS ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | THE OTHER PARTIES ARE LISTED AS FOLLOWS [IDENTIFY PARTIES] AND ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE THE ACTION WILL DETERMINE: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE SUCCESS IN THE ACTION WOULD MEAN: |
|---|---|---|---|---|
| Nilson v. Rothfleisch APPEAL NO. D081715 Appeal of Phase 1 Statement of Decision | Appellants | Respondent is Ryan Rothfleisch | The Phase One Statement of Decision found the Sixth Amendment to the Trust to be invalid due to undue influence specifically committed by Henry and Barbara. Appeal will determine whether Ryan established at trial, by clear and convincing evidence, that Henry and Barbara used undue influence to coerce Louise to sign the Sixth Amendment to the Trust. | |
| Nilson V. Rothfleisch APPEAL NO.: D082812 Appeal of Phase 2 Statement of Decision | Appellants | Respondent is Ryan Rothfleisch | If the Phase 1 Statement of Decision is upheld on appeal, then liability for financial elder abuse has been established (but only against Henry and Barbara who were the only co-conspirators at trial). Appeal of the Phase Two Statement of Decision will determine whether the more than $3.5M in damages awarded against Henry and Barbara by the Probate Court were significantly overstated and should be substantially reduced. | The more than $3.5M in damages awarded against Henry and Barbara will be substantially reduced. |

12038862.2

| CASE TITLE CASE NO.: | THE NILSONS ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | THE OTHER PARTIES ARE LISTED AS FOLLOWS [IDENTIFY PARTIES] AND ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE THE ACTION WILL DETERMINE: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE SUCCESS IN THE ACTION WOULD MEAN: |
|---|---|---|---|---|
| In re Dan Andrew Nilson and Donna Mae Nilson 3:21-bk-05468-MCW Bankruptcy; Chapter 11 Motion for Sanctions for Violation of Automatic Stay and/or Chapter 11 Plan Injunction. | Respondents | Dan Nilson Donna Nilson Movants | Whether Henry and Barbara Nilson's claim for equitable indemnity and contribution against Dan and Donna Nilson as co-conspirators in a conspiracy to commit financial elder abuse against Louise Nilson resulting in more than $3.5 Million in damages was a pre-petition claim discharged by the confirmed plan of reorganization in Dan and Donna Nilson's Chapter 11 case filed in Arizona subjecting Henry and Barbara to damages for violating the Chapter 11 plan injunction, or, whether the claim for equitable indemnity and contribution is a post-petition claim against Dan and Donna Nilson not affected by their Chapter 11 bankruptcy case and their confirmed plan of reorganization. | Dan and Donna Nilson will be an additional source for funding (or a source of reimbursement after funding) Henry and Barbara's Chapter 11 plan of reorganization. |

12038862.2

| CASE TITLE CASE NO.: | THE NILSONS ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | THE OTHER PARTIES ARE LISTED AS FOLLOWS [IDENTIFY PARTIES] AND ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE THE ACTION WILL DETERMINE: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE SUCCESS IN THE ACTION WOULD MEAN: |
|---|---|---|---|---|
| Henry Nilson and Barbara Nilson v. Philip Krum ECU003177 California Civil Code section 1714.10 Petition against Attorney Phil Krum. | Petitioners | Respondent Phillip Krum, Esq. | Whether the Nilsons' indemnity claims can proceed against Phillip Krum, Esq. in the underlying probate case. **NOTE: RELIEF FROM STAY NOT REQUIRED** because: The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. . *In re Palmdale Hills Property, LLC* (9th Cir. 2011) 654 F.3d 868, 875; and *Gordon v. Whitmore* (*In re Merrick*), 175 B.R. 333, 337-38 (9th Cir. BAP 1994). However, cross-claims against the Debtors or that in any way affect property of Debtors' Chapter 11 estate remain stayed. *See* Bankruptcy Code § 362(a)(1), (3). | If successful, the Henry and Barbara will be permitted to pursue indemnity against Phillip Krum in the underlying probate/indemnity action, which, if successful, would provide a greater pool of assets to pay creditors. |

12038862.2

| CASE TITLE CASE NO.: | THE NILSONS ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | THE OTHER PARTIES ARE LISTED AS FOLLOWS [IDENTIFY PARTIES] AND ARE IDENTIFIED AS [IDENTIFY CAPACITY]: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE THE ACTION WILL DETERMINE: | IT IS OF VITAL IMPORTANCE FOR THE NILSONS TO CONTINUE WITH THE NONBANKRUPTCY FORUM ACTION BECAUSE SUCCESS IN THE ACTION WOULD MEAN: |
|---|---|---|---|---|
| Henry and Barbara Nilson v. Philip Krum<br>ECU003211<br>Legal malpractice and breach of fiduciary duty | Plaintiffs on claims for legal malpractice and breach of fiduciary duty | Defendant Phillip Krum (and Doe defendants) | Henry and Barbara Nilson have recently filed a stand-alone complaint for legal malpractice and breach of fiduciary duty against Attorney Philip Krum in Imperial County Superior Court.<br>**NOTE:**<br>**RELIEF FROM STAY NOT REQUIRED** because:<br>The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. . *In re Palmdale Hills Property, LLC* (9th Cir. 2011) 654 F.3d 868, 875; and *Gordon v. Whitmore* (*In re Merrick*), 175 B.R. 333, 337-38 (9th Cir. BAP 1994).<br>However, cross-claims against the Debtors or that in any way affect property of Debtors' Chapter 11 estate remain stayed.  *See* Bankruptcy Code § 362(a)(1), (3). | This action should be allowed to proceed because success in this action will bring assets into Henry and Barbara's Chapter 11 bankruptcy estate, which can be used to pay creditors. |

12038862.2