1 | MARTIN A. ELIOPULOS (Bar No. 149299)
elio@higgslaw.com
2 | **HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
3 | San Diego, CA 92101-7910
Telephone:   (619) 236-1551
4 | Facsimile:   (619) 696-1410

5 | [Proposed] Attorneys for Debtors and
Debtors-in-Possession
6 | BARBARA NILSON and
HENRY NILSON

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

| In re | Case No. 23-03619-CL11 |
|---|---|
| BARBARA L. NILSON and<br>HENRY A. NILSON, | Chapter 11 |
| | RS No.: MAE-001 |
| Debtors and<br>Debtors-in-<br>Possession. | **DECLARATION OF DEBTORS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY – ACTION IN NONBANKRUPTCY FORUM [APPEAL CASE NO.: D081715]** |
| BARBARA L. NILSON and<br>HENRY A. NILSON, | |
| Movants,<br>v. | **HEARING:**<br>Date:      TBD<br>Time:      TBD |
| RYAN ROTHFLEISCH, AND<br>TIFFANY CARROLL, ASSISTANT<br>UNITED STATES TRUSTEE, | Dept.:     5, Rm 318<br>Judge:    Hon. Christopher B. Latham |
| Respondents | |

I, BARBARA L. NILSON and HENRY A. NILSON, do hereby declare that:

   1.   I am a debtor and debtor-in-possession in the above-captioned bankruptcy case, and I am over 18 years of age. I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto. Collectively, the debtors are identified as "Movants" or "Debtors."

/ / /

/ / /

2. I have read the foregoing *MOTION FOR RELIEF FROM THE AUTOMATIC STAY – ACTION IN NONBANKRUPTCY FORUM [APPEAL NO.: D081715* (the "Motion"), and except for those matters stated upon information and belief, I know the facts represented therein, which are known to me to be true and correct.

3. Debtors recently suffered an adverse judgment in that certain Probate Court matter styled as *In the Matter of The Charles and Louise Nilson Family Trust*, filed in the Superior Court for the State of California in and for the County of Imperial, Case No. EPR03973 (the "Probate Case").

4. The matters at issue in the Probate Case were tried in two separate phases.

5. <u>Phase One</u>. In a ruling entered on November 7, 2022, and identified as "Phase One Statement of Decision", the Probate Court, at the request of Petitioner, Joseph Ryan Rothfleisch ("Ryan"), invalidated a Sixth Amendment to the Charles and Louise Nilson Family Trust Dated October 1, 2019 (the "Nilson Family Trust"), and also invalidated a hand written will.

6. Of significance, in the Phase One Statement of Decision, the Probate Court, *sua sponte*, also found a conspiracy to commit financial elder abuse against Louise Nilson identifying seven conspiracy members as Dan Nilson, his wife Donna Nilson, Henry Nilson, his wife Barbara Nilson, Louise's niece from Jacksboro Texas Karen Schroeder, and attorneys Philip Krum and John Nelson.

7. The Phase One Ruling has been appealed.

8. <u>Phase Two</u>. In a Decision entered June 22, 2023, and identified as "Statement of Decision Phase Two: Elder Abuse", the Probate Court entered a **$3,516,229** judgment against Barbara and Henry (the only co-conspirators at trial) as follows:

///

///

     i.    **$1,166,639** in compensatory damages to be paid one-half ($583,319.50) to the Trustee of Trust A created under the Charles and Louise Nilson Family Trust Dated October 1, 2019 (the "Nilson Family Trust") and one-half ($583,319.50) to be paid to Trustee of Trust B (also created under the Nilson Family Trust).

     ii.    **$669,000** in compensatory damages to be paid to the Estate of Louise Nilson.

     iii.    **$400,000** in punitive damages (Barbara to pay $200,000 and Henry to pay $200,000) to be paid one-third ($133,332) to the Trustee of Trust A, one-third ($133,332) to the Trustee of Trust B and one-third ($133,332) to Ryan.

     iv.    **$1,280,590** in attorney's fees and costs to be paid to Ryan.

9. The Phase Two ruling has been appealed.

10. Shortly after the Court issued its statement of decision following Phase One trial, but before the Phase Two Elder Abuse trial, Debtors filed a petition for equitable indemnity and declaratory relief in the Probate Case against Dan Nilson, Donna Nilson, Karen Schroeder, Phil Krum, John Nelson, and the Lewis Brisbois law firm (the "Indemnity Action").

11. The goal of the Indemnity Action is to establish liability for the adverse financial elder abuse judgment against the other co-conspirators identified by the Probate Court so that Debtors only pay their fair portion of the judgment either by funding their Chapter 11 plan of reorganization with contributions from the other co-conspirators or by reimbursement after confirmation of their Chapter 11 plan.

12. The Indemnity Action is pending.

13. On November 16, 2023, Ryan initiated judgment enforcement proceedings against Debtors by levying on Debtors bank accounts located at Mechanics Bank in Contra Costa County. The bank levy froze $198,304.16 which is substantially all of Debtors' cash assets.

14. On November 18, 2023 ("Petition Date"), Debtors filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Case").

15. As direct result of the conspiracy to commit elder abuse finding/ruling in the Phase One Trial (subject to a Notice of Appeal), the $3.5M judgment solely against Debtors in the Phase Two Trial (subject to a Notice of Appeal and a Motion to Consolidate with the Appeal of the Phase One finding/ruling), the pending equitable indemnity and contribution claims filed by Debtors against the other co-conspirators in the Probate Action and Ryan's judgment enforcement proceedings, Debtors' filed their voluntary Chapter 11 case so as to avoid a dismantling of their Chapter 11 Estate while appealing the adverse rulings and that the same time establishing the liability of the other co-conspirators as a source of funding a plan of reorganization and/or reimbursement post-confirmation.

16. The specific nonbankruptcy action for which Debtors seek relief from stay is identified in the Summary of Litigation Chart attached to the Motion as **Exhibit A** and is identified as:

| **CASE TITLE CASE NO.:** | **NATURE OF CASE** | **COURT/ AGENCY** | **STATUS OF CASE** | **UPCOMING DEADLINES/ HEARINGS** |
|---|---|---|---|---|
| Nilson v. Rothfleisch APPEAL NO. D081715 | Appeal of Phase 1 Statement of Decision | 4th Appellate District Division 1 | Filed 9/28/2023. This appeal is pending. The record has been completed, but there is also pending in the Ninth Circuit a motion to *consolidate* this appeal with the "second" appeal (on the elder abuse issues). | Pending Motion to Consolidate filed 11/17/2023 |

17. In the above-described nonbankruptcy action, the parties are identified in the Summary of Litigation; Relief from Stay "Cause" Chart attached to the Motion as **Exhibit B**.

18. In order for Debtors to successfully reorganize in Chapter 11, it is of vital importance for Debtors to continue with the Appeal of the Phase 1 Statement of Decision because the appeal will determine whether Ryan established at trial, by clear and convincing evidence, that Henry and Barbara used undue influence to coerce Louise to sign the Sixth Amendment to the Trust. *See* Motion, **Exhibit B.**

19. Moreover, success on the appeal would mean that Ryan failed to prove, by clear and convincing evidence, that Henry and Barbara used undue influence to coerce Louise to sign the Sixth Amendment to the Trust which would invalidate the finding of financial elder abuse and necessarily require vacating the judgment arising out of the Phase Two Statement of Decision. *See* Motion, **Exhibit B.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2nd day of January 2024, at Holtville, California.

HENRY A. NILSON

BARBARA L. NILSON